

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Charles H. Theobald
County Attorney
Galveston County
Galveston, Texas

Dear Sir:                        Opinion No. 0-6882

                    Re: Whether Hon, Sherwood Brown
                        is eligible to be appointed
                        as assistant county attorney
                        of Galveston County after his
                        resignation as a member of
                        the 49th Legislature.

        We have received your request for our opinion on the
hereinabove captioned matter, and we quote from your letter
as follows:

        "The Forty-ninth Legislature at its regular
        session (Vernon's Session Laws, Vol. 4, Page 253)
        enacted a statute fixing the compensation for
        Assistant County Attorneys in counties containing
        a population of 60,000 and not more than 100,000
        inhabitants according to the last preceding Federal
        Census, in counties where there is no district at-
        torney and the county attorney performs the duties
        of county attorney and district attorney. (Chapter
        187, HB 790). In Galveston County the county at-
        torney performs the duties of the county and dis-
        trict attorney and therefore the law is applicable
        to this county.

        "Hon. Sherwood Brown is a member of the Forty-
        ninth Legislature representing Galveston County
        which enacted the statute referred to.

        "Shortly I will have some vacancies of assistants
        in this office and Mr. Brown is anxious to be appointed
        as one of the assistants and I am agreeable to appoint-
        ing him and it is his intention to resign his legisla-
        tive position in the event he is eligible to be ap-
        pointed as assistant county attorney and my object in

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Charles H. Theobald, page 2

writing you is to respectfully request your opinion
if he is eligible in view of the provision of Article
3, Section 18 of the State Constitution.

"I take the liberty of enclosing a copy of an
opinion #3003-A written by the Hon. William McGraw, the
then Attorney General of Texas, on August 26th, 1937.
As you are aware an assistant county attorney is re-
quired to take the official oath of office.

"I will be very grateful to you if you will kindly
advise me if Mr. Brown is eligible to be appointed an
assistant county attorney after his resignation as a
member of the Forty-ninth Legislature."

Article 331 of Vernon's Annotated Civil Statutes reads as
follows:

"County attorneys, by consent of the commissioners'
court, shall have power to appoint in writing one or
more assistants, not to exceed three, for their respec-
tive counties who shall have the same powers, authority
and qualifications as their principals, at whose will
they shall hold office. Before entering on the duties
of their offices, they shall each take the official
oath which shall be indorsed upon their appointment,
which oaths and appointments shall be recorded and
deposited in the county clerk's office." (underscoring
ours)

Art. 3902 of V. A. C. S., provides in part as follows:

"Whenever any district, county or precinct officer
shall require the services of deputies, assistants or
clerks in the performance of his duties he shall apply
to the County Commissioners' Court of his county for
authority to appoint such deputies, assistants, or
clerks, stating by sworn application the number needed,
the position to be filled and the amount to be paid. Said
application shall be accompanied by a statement showing
the probable receipts from fees, commissions and compen-
sation to be collected by said office during the fiscal
year and the probable disbursements which shall include
all salaries and expenses of said office; and said court
shall makes its order authorizing the appointment of such
deputies, assistants and clerks and fix the compensation
to be paid them within the limitations herein prescribed
and determine the number to be appointed as in the dis-
cretion of said court may be proper; provided that in

373

Hon. Charles H. Theobald,   page 3

no case shall the Commissioners' Court or any member
thereof attempt to influence the appointment of any
person as deputy, assistant or clerk in any office.
Upon the entry of such order the officers applying
for such assistants, deputies or clerks shall be
authorized to appoint them; provided that said com-
pensation shall not exceed the maximum amount herein-
after set out.  The compensation which may be allowed
to the deputies, assistants or clerks above named for
their services shall be a reasonable one, not to exceed
the following amounts:

        "* * *

        "4.  In counties having a population of sixty
thousand and one (60,001) and not more than one hundred
thousand (100,000) inhabitants, first assistant or
chief deputy not to exceed Twenty-four Hundred ($2400.00)
Dollars per annum; other assistants, deputies or clerks
not to exceed Twenty-one Hundred ($2100.00) Dollars per
annum each."

Our Opinion No. O-5893 held that "Articles 331 and 3902
must be considered and construed together."  We quote from said
opinion as follows:

        "Article 331, Vernon's Annotated Civil Statutes,
provides, in effect, that county attorneys, by consent
of the commissioners' court, shall have power to ap-
point in writing one or more assistants, not to exceed
three, for their respective counties, who shall have
the same powers, authority and qualifications as their
principals, at whose will they shall hold office.  Ar-
ticle 331 was enacted in 1891, and applied only to the
appointment of assistant county attorneys.  Article
3902, Vernon's Annotated Civil Statutes, as amended,
is a later statute, regarding the appointment of deputies,
assistants or clerks by district, county or precinct of-
ficers.  Articles 331 and 3902 must be considered and
construed together.  In view of these statutes, it is
our opinion, that assistants of the County Attorney of
Rusk County must be appointed in compliance with said
statutes.  Considering the two statutes together, it is
our opinion, that it is within the discretion of the
commissioners' court to determine the number of assis-
tants to be appointed, as in the discretion of said
court may be proper.  Stated another way, that portion

Hon. Charles H. Theobald, page 4

of Article 331 limiting the number of assistants that may be appointed is no longer applicable, however, the other portions of Article 331 are applicable and the assistants must comply with the provisions of said statute."

The Forty-ninth Legislature (Senate Bill No. 123, page 244) amended Article 3902, supra, by adding thereto the following:

"9. The Commissioners' Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the deputies, assistants and clerks of any district, county or precinct officer justify the increase, to enter an order increasing the compensation of such deputy, assistant or clerk in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed Thirty-six Hundred ($3600.00) Dollars." (underscoring ours)

The Forty-ninth Legislature also passed House Bill No. 798 and provided that the provisions of said Act should be cumulative of Article 3902, V. A. C. S.

We quote from H. B. No. 798 as follows:

"H. B. No. 798

"An Act providing for the appointment of assistant county attorneys in counties having a population of sixty thousand and one (60,001) and not more than one hundred thousand (100,000) inhabitants according to the last preceding Federal Census in counties where there is not a district attorney and in counties where the county attorney performs the duties of county attorney and district attorney; providing for the method of their appointment; providing for their compensation; providing for certain reports and applications; providing the provisions of this Act are cumulative of Article 3902, Revised Civil Statutes of Texas, 1925, and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. In all counties of this State having a population of sixty thousand and one (60,001) and not more than one hundred thousand (100,000) inhabitants, according to the last preceding Federal Census, the county attorneys

Hon. Charles H. Theobald, page 5

in such counties which do not have a district attorney, and where the county attorney performs the duties of county attorney and district attorney, the county attorney in such counties shall apply to the county commissioners' court of his county for authority to appoint such assistant county attorneys as he may require in the performance of his duties as such county attorney, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expense of said office; and said Court shall make its order authorizing the appointment of such assistant county attorneys and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said Court may be proper. The compensation which may be allowed to the assistant county attorneys for their services shall be a reasonable one, not to exceed Thirty-six Hundred Dollars ($3600.00) per annum, to be paid out of the officers' salary fund of such counties.

"Sec. 2. The provisions of this Act are cumulative of Article 3902 of the Revised Civil Statutes of Texas of 1925, as amended. And in nowise shall be considered as a limitation on the other powers and authority of the Commissioners' Court therein prescribed.

"Sec. 3. The fact that there is not now any distinction in the salaries for assistant county attorneys in counties having a county attorney performing the duties of a county attorney and a district attorney, from those counties having county attorneys performing the duties of county attorney only, in counties where there is now a district attorney performing the duties of such, and the further fact of the crowded condition of the calendar create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and the same is hereby suspended, and that this Act shall take effect and be in force from and after its passage, and it is so enacted."

A careful reading of the 1940 Federal Census reveals that the provisions of the last quoted Act are applicable to Galveston, Nueces, Smith, Grayson, Cameron and Wichita Counties.

Hon. Charles H. Theobald,   page 6

To determine whether Mr. Brown is eligible for the office to which he aspires, we must now look to the Constitution of this State. Article III, Section 18 of the Texas Constitution reads in part as follows:

> "Sec. 18. <u>No Senator or Representative shall, during the term for which he may be elected, be eligible to any civil office of profit under this State, which shall have been created, or the emoluments of which may have been increased during such term</u>; . . ." (underscoring ours)

The question that we must now consider is whether the emoluments of the office of Assistant County Attorney of Galveston County, Texas, have been increased during the term of Representative Brown. From talking to Mr. Brown, we have learned that he is desirous of being First Assistant County Attorney of said County.

Prior to the Acts of the 49th Legislature, Regular Session, 1945, the salary of the First Assistant County Attorney of Galveston County could not exceed the sum of $2,400.00 per annum. (See Sec. 4, Art. 3902, V. A. C. S., supra.) The 49th Legislature amended Art. 3902, supra, by adding thereto Section 9, and said Section would be applicable to the salary of the First Assistant County Attorney of Galveston County were it not for the fact that the same Legislature also enacted H. B. No. 798. The last mentioned Act, which is applicable to Galveston County, provides that the compensation of Assistant County Attorneys shall not exceed $3600.00 per year. <u>A careful study of each of the above statutes reveals the Commissioners' Court was authorized by the Legislature to fix the salaries of Assistant County Attorneys not to exceed certain maximum amounts.</u>

In connection with the last statement we call your attention to the case of San Antonio vs. Jones, 28 Tex. 32, wherein the court said:

> "The legislature may grant authority as well as give commands, and acts done under its authority are as valid as if done in obedience to its commands. Nor is a statute, whose complete execution and application to the subject matter is by its provisions made to depend on the assent of some other body, a delegation of legislative power. The discretion goes to the exercise of the power conferred by the law, but not to make the law itself." (This doctrine cited with approval in Johnson vs. Martin, 12 S. W. 321 and Staples vs. Llano County, 28 S. W. 569, and followed in State Highway Dept. vs. Gorham, 162 S. W. (2d) 934.)

Thus, under the holding of the above cited case whatever amount the Commissioners' Court fixes as the salary of the First Assistant County Attorney of Galveston County is fixed by virtue of and under authority of an act of the legislature, and such amount so fixed by legislative authority is equivalent to, or is as valid as if fixed in obedience to a specific legislative command.

In view of the foregoing authorities we think that if the Commissioners' Court of Galveston County fixes the salary of the First Assistant County Attorney at a sum in excess of the maximum amount provided for in Sec. 4 of Art. 3902, supra, ($2400.00 per annum) then the emoluments of the office would be increased by virtue of an Act passed by the 49th Legislature of which Mr. Brown was a member. Stated another way, if the Commissioners' Court of Galveston County increases the salary for the office of First Assistant County Attorney of said County in excess of $2400.00 per year, it is our opinion that the underlined portions of Sec. 18 of Article III would render Mr. Brown ineligible for said office, even though he might resign as a member of the Legislature. However, if the Commissioners' Court fixes the salary of the First Assistant County Attorney at $2400.00 per annum, or less, then it is our opinion that Mr. Brown could resign as a member of the Legislature and qualify for said office.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By        J. C. Davis, Jr.

J. C. Davis, Jr.
Assistant

JCD:LJ



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN